Dear Mayor McCune:
You have requested an opinion from this office as to whether DeSoto Parish is obligated to provide maintenance, or funding for maintenance, for the streets and roads within the Town of Stonewall, an incorporated municipality located entirely within DeSoto Parish.
In your letter, you state that you are aware of the provisions of LSA-R.S. 33:1236(2)(c)[1] and of this office's previous opinions regarding the permissive term "may" in this statute. This office has consistently opined that this statute allows, but does not compel, police juries to repair or maintain roads in municipalities located within their Parishes.[2]
Your question is whether the language contained in a 1981 special sales tax proposition or a 2002 ad valorem tax proposition obligates the Parish to provide maintenance and repair for roads located in the Town of Stonewall. It is the opinion of this office that neither proposition contains language that obligates the police jury to repair or maintain any specific roads within the Parish, including those in Stonewall. We will address each proposition individually.
Special Sales Tax: As provided in your letter, DeSoto Parish voters approved a parish-wide proposition in 1981 establishing a one-half (½) percent special sales tax to be used to maintain parish roads and bridges. LSA-R.S. 39:704, which addresses the use of proceeds from a special tax, states, "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied." This office has consistently found that the use of proceeds of a special tax adopted at an election in the State of Louisiana is dictated solely by the language contained in the proposition approved by the voters.[3]
The language in this proposition states that the tax will be "dedicated and used for the purpose of constructing, acquiring, extending, improving, and/or maintaining parish roads and bridges," and thus the Parish must use the proceeds accordingly. However, nothing in the language contained in the proposition mandates or directs the Parish to maintain roads in Stonewall, nor is there language requiring the Parish to maintain all parish roads. The language mandates that the tax proceeds be used to maintain roads within the Parish. Absent express language in the proposition, the determination as to which parish roads will be maintained rests with the governing authority of the Parish. Therefore, the police jury, in its discretion, determines which parish roads will be maintained with the proceeds of this tax.
Ad Valorem Tax: As further provided in your letter, another parish-wide proposition was approved by parish electors in 2002, establishing a special five (5) mills ad valorem tax. The proposition language stated the tax was "for the purpose of constructing and maintaining public roads and bridges and for the purchase of equipment and supplies with which to do such work in and for the whole of the parish." Once again, nothing in this language mandates or directs the Parish to maintain roads in Stonewall, nor is there language requiring the Parish to maintain and repair all parish roads. Again, absent such language, the determination as to which roads will be maintained rests with the governing authority of the Parish. Thus, the police jury, in its discretion, determines which roads within the Parish will be maintained using the proceeds of this tax.
In closing, nothing contained in the language of either the 1981 sales tax proposition or the 2002 ad valorem tax proposition obligates the police jury to repair or maintain roads within the Town of Stonewall. The police jury is vested with the authority and discretion to determine the use of special tax proceeds, limited only by the language of the proposition and the duty to act in good faith and not arbitrarily or capriciously.
We trust this answers your questions. If you have any further questions, please do not hesitate to contact our office.
With kindest regards, I remain,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 DENISE B. FITZGERALD Assistant Attorney General
CCF, jr./DBF/dam
[1] LSA-R.S. 33:1236(2)(c): The police jury may, upon request of the governing authority of any incorporated municipality, perform all or any part of the repair, maintenance and care of roads. . .situated within and under the jurisdiction of such incorporated municipality.
[2] Attorney General Opinion No. 85-149
[3] Attorney General Opinion Nos. 03-157; 01-269; 98-421.